## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **LEVI T. WHITE,** | ) | **Case No1:14CV00105-JRH_BKE** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS** | ) | |
| | ) | |
| **CONVERGENT OUTSOURCING,** | ) | |
| | ) | |
| **Defendant.** | | |

### TRIAL BY JURY DEMAND

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CONVERGENT OUTSOURCING, INC. TO PLAINTIFF'S ORIGINAL COMPLAINT FOR VIOLATION OF THE FCRA AND FDCPA

COMES NOW, Convergent Outsourcing, Inc. (hereinafter referred to as "Defendant"), by and through its undersigned counsel, and files this Answer and Affirmative Defenses to Plaintiff's Original Complaint for Violation of the FCRA and FDCPA (the "Complaint") and respectfully shows this Honorable Court as follows:

## JURISDICTION

### 1.

Defendant denies the allegations of Paragraph 1 of the Complaint as stated. Answering further, Defendant admits that this Court has jurisdiction over this action.

### 2.

Defendant denies the allegations of Paragraph 2 of the Complaint.

## PARTIES

### 3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and accordingly denies them.

### 4.

Defendant denies the allegations of Paragraph 4 of the Complaint as stated. Answering further, Defendant admits that it has offices located at 800 SW 39th Street, Renton, WA 98057.

## VENUE

### 5.

Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 5 of the Complaint and accordingly denies them.

### 6.

Defendant admits the allegations of Paragraph 6 of the Complaint.

## GENERAL ALLEGATIONS

### 7.

Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 7 of the Complaint and accordingly denies them.

### 8.

Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 8 of the Complaint and accordingly denies them.

### 9.

Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 9 of the Complaint and accordingly denies them.

**10.**

Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 10 of the Complaint and accordingly denies them.

**11.**

Defendant denies the allegations of Paragraph 11 of the Complaint.

## COUNT 1

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681p. WILLFUL NON-COMPLIANCE BY *DEFENDANT* CONVERGENT OUTSOURCING, INC.

**12.**

Defendant incorporates and re-alleges the answers and defenses set forth in response to Paragraphs 1-11 as if set forth fully herein.

**13.**

Paragraph 13 states purely legal conclusions and therefore no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

**14.**

Paragraph 14 states purely legal conclusions and therefore no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

**15.**

Paragraph 15 states purely legal conclusions and therefore no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

**16.**

Paragraph 16 states purely legal conclusions and therefore no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

**17.**

Paragraph 17 states purely legal conclusions and therefore no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

**18.**

Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 18 of the Complaint and accordingly denies them.

**19.**

Defendant denies the allegations of Paragraph 19 of the Complaint.

**20.**

Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 20 of the Complaint and accordingly denies them.

**21.**

Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 21 of the Complaint and accordingly denies them.

**22.**

Defendant denies the allegations of Paragraph 22 of the Complaint.

**23.**

Defendant denies the allegations of Paragraph 23 of the Complaint.

Defendant denies all allegations in the "Wherefore" Paragraph following Paragraph 23 of the Complaint, and any other allegations in the Complaint not otherwise specifically admitted.

## COUNT 2

**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681p. WILLFUL NON-COMPLIANCE BY DEFENDANT CONVERGENT OUTSOURCING, INC.**

### 24.

Defendant incorporates and re-alleges the answers and defenses set forth in response to Paragraphs 1-24 as if set forth fully herein.

### 25.

Paragraph 25 states purely legal conclusions and therefore no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

### 26.

Paragraph 26 states purely legal conclusions and therefore no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

### 27.

Paragraph 27 states purely legal conclusions and therefore no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

**28.**

Paragraph 28 states purely legal conclusions and therefore no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

**29.**

Paragraph 29 states purely legal conclusions and therefore no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

**30.**

Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 30 of the Complaint and accordingly denies them.

**31.**

Defendant denies the allegations of Paragraph 31 of the Complaint.

**32.**

Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 32 of the Complaint and accordingly denies them.

**33.**

Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 33 of the Complaint and accordingly denies them.

**34.**

Defendant denies the allegations of Paragraph 34 of the Complaint.

**35.**

Defendant denies the allegations of Paragraph 35 of the Complaint.

Defendant denies all allegations in the "Wherefore" Paragraph following Paragraph 35 of the Complaint, and any other allegations in the Complaint not otherwise specifically admitted.

## COUNT 3

**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681p. WILLFUL NON-COMPLIANCE BY DEFENDANT CONVERGENT OUTSOURCING.**

**36.**

Defendant incorporates and re-alleges the answers and defenses set forth in response to Paragraphs 1-35 as if set forth fully herein.

**37.**

Paragraph 37 states purely legal conclusions and therefore no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

**38.**

Paragraph 38 states purely legal conclusions and therefore no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

**39.**

Paragraph 39 states purely legal conclusions and therefore no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

**40.**

Paragraph 40 states purely legal conclusions and therefore no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

**41.**

Paragraph 41 states purely legal conclusions and therefore no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

**42.**

Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 42 of the Complaint and accordingly denies them.

**43.**

Defendant denies the allegations of Paragraph 43 of the Complaint.

**44.**

Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 44 of the Complaint and accordingly denies them.

**45.**

Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 45 of the Complaint and accordingly denies them.

**46.**

Defendant denies the allegations of Paragraph 46 of the Complaint.

**47.**

Defendant denies the allegations of Paragraph 47 of the Complaint.

Defendant denies all allegations in the "Wherefore" Paragraph following Paragraph 47 of the Complaint, and any other allegations in the Complaint not otherwise specifically admitted.

## COUNT 4

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT CONVERGENT OUTSOURCING, INC**

**48.**

Defendant incorporates and re-alleges the answers and defenses set forth in response to Paragraphs 1-47 as if set forth fully herein.

**49.**

Paragraph 49 states purely legal conclusions and therefore no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

**50.**

Paragraph 50 states purely legal conclusions and therefore no response is required. To the extent that a response is required, the allegations of this paragraph are denied.

**51.**

Defendant denies the allegations of Paragraph 51 of the Complaint, including subparts (a) – (d).

Defendant denies all allegations in the "Wherefore" and/or *ad damnum* clauses in the Complaint. To the extent that there are allegations in the Complaint that are not specifically admitted herein, Defendant denies these allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Bona Fide Error)

Plaintiff's claims are barred as against Defendant by 15 U.S.C. § 1692k(c).

### SECOND AFFIRMATIVE DEFENSE

#### (Preemption)

Plaintiff's state law claims are barred as against Defendant by federal statutes, including 15 U.S.C. § 1692 et seq.

## THIRD AFFIRMATIVE DEFENSE

### (Exhaustion of Administrative Remedies)

Plaintiff's Complaint is barred due to his failure to exhaust his administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendant is informed and believes and thereon alleges that the applicable statutes of limitation bar all claims for relief in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Contributory/Comparative Fault)

Defendant is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The damages claimed by Plaintiff could have been mitigated with due diligence or by one acting under similar circumstances.  Plaintiff's failure to

mitigate is a bar to recovery under the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint and each of its purported claims for relief are barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint and each of its purported claims for relief are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint and each of its purported claims for relief are barred by the doctrine of unclean hands. Plaintiff's Complaint does not contend that the subject debt is not owed or that the subject debt has been satisfied. As such, Plaintiff is in breach of the agreement with the credit originator, and but for the breach of that agreement Defendant would not have communicated with Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint and each of its purported claims for relief are barred by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant alleges that at all times it acted in good faith and with good cause. The conduct of Defendant was within the reasonable expectations of the parties and was reasonably related to Defendant's legitimate business interests upon the basis of reasonable factors.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state facts sufficient to constitute a cause of action against Defendant relative to the content of the alleged communications and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Defendant.

16

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Joinder)

Defendant is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff is the result of the acts or omissions of third persons over whom Defendant had neither control nor responsibility, and whom Plaintiff has failed to name in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reserved Affirmative Defenses)

Defendant alleges that the Complaint does not describe the alleged actions with sufficient particularity to permit it to ascertain what other defenses may exist at this time.  Defendant therefore reserves the right to assert all defenses that may pertain to the Complaint as the facts of the case are discovered.

**WHEREFORE**, Defendant prays as follows:

1.     Plaintiff takes nothing by way of his Complaint and that this action be dismissed in its entirety;

2.     For Defendant's attorneys' fees and costs incurred herein; and

3.     For such other relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

PLEASE    TAKE    NOTICE    that    Defendant,    CONVERGENT

OUTSOURCING, INC. hereby demands a trial by jury in this action.

Respectfully submitted this 2nd day of June, 2014.

**MARK L. WILHELMI, P.C.**

*/s/ Mark L. Wilhelmi*
Mark L. Wilhelmi
Georgia Bar No. 759049
Co-counsel

3527 Wheeler Road, Suite 401
Augusta, Georgia 30909
Tel: (706) 868-9646
Fax: (706) 868-9647

**GORDON & REES, LLP**

*/s/ Jeffrey W. Melcher*
Jeffrey W. Melcher
Georgia Bar No.: 501180
Motion for Admission *Pro Hac Vice* to be
Filed
Lead Counsel

The Pinnacle Building
3455 Peachtree Road, Ste. 1500
Atlanta, Georgia 30326
Tel: (404) 869-9054
Fax: (404) 389-8475

***Attorneys for Defendant Convergent
Outsourcing, Inc.***

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA

LEVI T. WHITE,    )
         )  **Case No:** <u>**1:14CV00105-JRH-BKE**</u>
   **Plaintiff,**   )
         )
**VS**        )
         )
**CONVERGENT OUTSOURCING,** )
**INC.**        )
   **Defendant.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CONVERGENT OUTSOURCING, INC. TO PLAINTIFF'S ORIGINAL COMPLAINT FOR VIOLATION OF THE FCRA AND FDCPA** by first class U.S. mail and by electronic filing through the CM/ECF system in accordance with the United States District Court rules to:

Levi T. White
2225 Morningside Drive
Augusta, GA 30904

This 2nd day of June, 2014

**MARK L. WILHELMI, P.C.**

/s/ Mark L. Wilhelmi
Mark L. Wilhelmi
Georgia Bar No. 759049

3527 Wheeler Road, Suite 401
Augusta, Georgia 30909
Tel: (706) 868-9646
Fax: (706) 868-9647

**GORDON & REES, LLP**

/s/ Jeffrey W. Melcher
Jeffrey W. Melcher
Georgia Bar No.: 501180
Motion for Admission *Pro Hac Vice* to be
Filed

The Pinnacle Building
3455 Peachtree Road, Ste. 1500
Atlanta, Georgia 30326
Tel: (404) 869-9054
Fax: (404) 389-8475

***Attorneys for Defendant Convergent
Outsourcing, Inc.***